**CALCAGNO & ASSOCIATES, ATTORNEYS AT LAW, LLC**
Attorney ID # 0137371991
Federal ID # AJC 3085
213 South Avenue East
(908)-272-7300
Attorneys for Plaintiff

| | |
|---|---|
| MATTHEW SALVATO, STEPEHEN SILENZIO, NEXT LEVEL STRATEGIES, LLC, and PROFESSIONAL COURT REPORTING AND VIDEO, LLC<br><br>Plaintiffs,<br><br>v.<br><br>MARC BRODY and JEFFREY PAUL<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTIRCT OF NEW JERSEY<br><br>DOCKET No.: 2:16-cv-8254<br><br>*Civil Action*<br><br>**COMPLAINT** |

Plaintiffs Matthew Salvato, Stephen Silenzio, Next Level Strategies, LLC, and Professional Court Reporting and Video, LLC, by their attorneys, Calcagno & Associates, respectfully allege as follows:

### NATURE OF THE CASE

1.  This is a civil action for the infringement of Plaintiffs, Matthew Salvato, Stephen Silenzio, Next Level Web Strategies, LLC, and Professional Court Reporting and Video, LLC (collectively "Plaintiffs"), copyrighted material against Marc Brody and Jeffrey Paul (collectively "Defendants).

2.  There is currently an action involving Marc Brody and Matthew Salvato, Stephen Silenzio, Next Level Web Strategies, LLC, and Professional Court Reporting and Video, LLC in Superior Court, Docket Number: UNN-L-1267-16.

3.  Plaintiffs, who are Defendants in the Superior Court case, attempted to remove the matter to Federal Court; however, Judge Chesler remanded the case back to New Jersey State Court.

4.  Thus, Plaintiffs now bring suit in Federal Court to seek a remedy for the infringement of their copyrights by Defendants.

## PARTIES

5.  Plaintiff Matthew Salvato is an individual residing at 518 Corey Place, in the Town of Westfield, County of Union, State of New Jersey (hereinafter "Salvato).

6.  Plaintiff Stephen Silenzio is an individual residing at 119 Acorn Lane, in the Town of Voorhees, County of Camden, State of New Jersey (hereinafter "Silenzio").

7.  Plaintiff Next Level Web Strategies, LLC, is a Limited Liability Company of the State of New Jersey maintaining offices at 1800 East State Street Suite 169, in the Township of Hamilton, County of Mercer, State of New Jersey (hereinafter "Next Level").

8.  Plaintiff Professional Court Reporting and Video, LLC is a Limited Liability Company of the State of New Jersey, maintaining offices at 940 South Avenue in the Town of Westfield, County of Union, State of New Jersey (hereinafter "PCRV").

9.  Defendant Marc Brody is an individual residing at 994 Woodmere Drive, in the Town of Westfield, County of Union, State of New Jersey (hereinafter "Brody"), and is the primary or sole owner of Courtreportingconcierge.com.

10. Defendant Jeffrey Paul is an individual residing at 329 Orenda Circle, Town of Westfield, County of Union, State of New Jersey (hereinafter "Paul"), and does business as Westfield Online.

## VENUE AND JURISDICTION

11. This Court has original jurisdiction over this action under 28 U.S.C. §1331, in that copyright infringement is a cause of action under the exclusive jurisdiction of the Federal Courts under the Federal Copyright laws, 17 U.S.C. § 501, *et. seq.* Moreover, all of the acts complained of herein occurred in New Jersey, and in this judicial district.

12. Venue is proper in this district under 28 U.S.C. § 1391 (b)(1), and under 28 U.S.C. § 1400 (a), because all of the defendants reside in the State of New Jersey.

## STATEMENTS OF FACT

13. By 2013, Salvato, Silenzio, and Brody were business partners each owning equal shares of Next Level and PCRV.

14. During Brody's partnership with Salvato and Silenzio, Brody had nearly unlimited access to Next Level and PCRV's proprietary information including, but not limited to, website design strategies, client lists, marketing techniques, marketing strategies, and customer information.

15. One such asset, under the exclusive ownership of Plaintiffs, is their website, Courtreportingagency.com, which provides consumers the opportunity to quickly and easily hire a court reporter for a deposition, book a conference room, and hire a videographer. Plaintiffs own or have the exclusive rights to said website; therefore, they alone determine whether to allow or prohibit the distribution of copies of said website.

16. Brody was very familiar with the Courtreportingagency.com website, and the services it provided, as a result of his business relationship with Plaintiffs.

17. On or about June 5, 2015, Brody, Salvato, Silenzio, Next Level, and PCRV executed a certain Settlement Agreement (hereinafter "the Agreement") which divested

Brody of any and all ownership he had over Next Level and PCRV. Settlement Agreement attached hereto as **Exhibit "A"**.

18. According to paragraph 2 of the Agreement, Brody's ownership and relationship with Salvato, Silenzio, Next Level and PCRV was terminated in its entirety as of June 1, 2014. Said termination established, among other things, that Brody no longer owned any copyrights for the content contained in the Court Reporting Agency website, Courtreportingagency.com. *See* Exhibit "A" at 2.

19. The Agreement also provided under paragraph 7, entitled "proprietary information," that Brody was prohibited from disclosing to any third party any confidential or proprietary information belonging to Next Level of PCRV. Confidential or proprietary information includes, but is not limited to, web designs, marketing strategies and devices, customer lists, customer information, and product specifications. *See* Exhibit "A" at 3-4.

20. Moreover, the Agreement also prohibits Brody from soliciting or accepting business from any actual client or customer of Next Level or PCRV during the three (3) year period that Brody receives Separation payments. *See* Exhibit "A" at 4.

21. If Brody breached any provision of the Agreement, paragraph 20 provided that Next Level and PCRV would be absolved of their obligation to make monthly separation payments so long as Next Level and PCRV can present a good faith claim of breach.

22. On or about August 1, 2015, Brody established his own website, with the help of Jeffrey Paul, called Courtreportingconcierge.com. Like Courtreportingagency.com, Brody and Paul's site provides lawyers with Court reporting services including court reporters, legal videographers, and conference rooms.

23. As evidenced from screenshots of Courtreportingconcierge.com, appended hereto as **Exhibit "B",** the text of website is not merely similar, rather it is identical to that of the content on Plaintiffs site, Courtreportingagency.com, snapshots of which are appended hereto as **Exhibit "C".**

24. Other than the name of the entity, Court Reporting Concierge, Brody and Paul's website is an exact copy of the textual content of Plaintiffs website.

25. Brody breached the Agreement by using Plaintiffs' proprietary and confidential information in order to produce a profit via his own website, Courtreportingconcierge.com.

26. Brody further breached the Agreement by soliciting a prominent client of Plaintiffs, and defamed Plaintiffs in order to secure business with said client.

27. Upon information and belief, Brody contacted a long-time client of Next Level, in violation of the settlement agreement, and convinced said client that Salvato and his team were no longer paying attention to the client's account such that the client should terminate his relationship with Next Level and hire Brody. By spouting false allegations about Salvato's work ethic on a particular client's case, Brody was able to trick a client into drastically diminishing his relationship with Salvato and instead hiring Brody.

28. As a result of Defendants' conduct, Plaintiffs have suffered irreparable harm and sustained significant damages.

## FIRST COUNT
## COPYRIGHT INFRINGEMENT

29. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if full set forth herein.

30. Through their conduct averred herein, Defendants, Marc Brody and Jeffrey Paul, have infringed Plaintiffs' copyright of Plaintiffs' website, Courtreportingagency.com, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§106 and 501.

31. Defendants' acts of infringement are clearly willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

32. As a result of said infringement, Plaintiffs are hereby entitled to damages in an amount to be proven at trial.

33. Plaintiffs are also entitled to Defendant's profits attributable to the infringement pursuant to 17 U.S.C. §504(b).

34. Plaintiffs have sustained substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Thus, Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

> **WHEREFORE**, Plaintiffs request judgment against Defendants, Brody and Paul, for:
>
> a. Punitive damages in the amount of $150,000.00;
>
> b. Consequential damages;
>
> c. Incidental damages;
>
> d. Reasonable attorney's fees, interest, filing fees, and costs of suit; and
>
> e. Any further relief which the Court may deem just and proper.

## SECOND COUNT
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

35. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if full set forth herein.

36. Over the past two decades, Plaintiff, Salvato, has established himself in the legal advertising and court reporting industry as a well-known, and highly respected businessman. During such time, Salvato made several profitable relationships and had every reason to expect these existing relationships to grow and for new clients to be obtained through the references of said relationships.

37. At all times relevant herein, Brody and Paul have known of Salvato and Silenzio's ongoing and continuous business and professional relationships as alleged herein. In fact, Brody approached Salvato with the proposition of entering into a partnership agreement given Salvato's vast success.

38. Defendants, Brody and Paul, interfered intentionally and with malice with Salvato and Silenzio's business dealings.

39. As a result of Brody and Paul's intentional and malicious interference with prospective economic advantage as stated above, and without justification or excuse, the Defendant's materially breached the Agreement, damaged Plaintiff's business and impaired the economic status and viability of Next Level and PCRV's long-standing relationships and customers.

40. Plaintiffs were injured as a result of Defendants conduct.

   **WHEREFORE**, Plaintiffs request judgment against Defendants, Brody and Paul, for:

   a. Punitive damages in the amount of $1,000,000.00;

   b. Consequential damages;

7

    c. Incidental damages;

    d. Reasonable attorney's fees, interest, filing fees, and costs of suit; and

    e. Any further relief which the Court may deem just and proper.

## THIRD COUNT
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

41. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

42. Over the past two decades, Plaintiff, Salvato, has established himself in the legal advertising and court reporting industry as a well-known, and highly respected businessman.

43. During such time, Salvato made several profitable relationships, thus he had every reason to expect these existing relationships to grow and for new clients to be obtained through the references of said relationships.

44. At all times relevant herein, Brody and Paul have known of Salvato and Silenzio's ongoing and continuous business and professional relationships as alleged herein. In fact, Brody approached Salvato with the proposition of entering into a partnership agreement given Salvato's vast success.

45. With knowledge of the existing contractual relations with Salvato and Silenzio's clients, Brody and Paul intentionally and maliciously, and without justification or excuse, interfered with the aforementioned contractual relationships.

46. The aforementioned unlawful and unfair conduct by Defendants has disrupted Plaintiff's economic relationship with those clients and has resulted in, and will continue to result in, preclusion of Plaintiff's successful continued relationship with these clients.

47. As a result of the foregoing, Plaintiffs have been damaged in an amount as yet unknown but to be proven at Trial. Plaintiffs have no adequate remedy at law for continuing violations of Plaintiff's rights as set for above.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Brody and Paul, for:

a. Injunctive relief, enjoining Defendants from directly and/or indirectly contacting Plaintiff's clients, misappropriating Plaintiff's marketing strategies and copyrights works;

b. Consequential damages;

c. Incidental damages;

d. Punitive damages;

e. Reasonable attorney's fees, filing fees, costs of suit; and

f. Any further relief which the Court may deem just and proper.

## FOURTH COUNT
## BREACH OF CONTRACT

48. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

49. By terms of the Agreement, entered into on or about June 5, 2015, Brody agreed that his relationship with Next Level and PCRV would cease to exist, in its entirety, effective June 1, 2014.

50. Moreover, Brody further agreed not to disclose any confidential or proprietary information belonging to Plaintiffs, and not to use any confidential or proprietary information for his own personal gain as such information remains the exclusive property of Plaintiffs.

9

51. Brody was also prohibited from soliciting any clients of either Next Level or PCRV for a period of three (3) years during which time Brody was receiving separation payments.

52. Lastly, Brody consented to the forfeiture provision, paragraph 20 of the Agreement, which provided that if Brody beached any provision of the contract, Next Level's obligation to continue making separation payments ceases in its entirety.

53. Brody materially breached the Agreement first by copying the content, verbatim, of Courtreportingagency.com, proprietary property of Plaintiffs, in order to create his own website, Courtreportingconcierge.com.

54. As evidenced in the pictures of Brody and Paul's website, attached as Exhibit "B", Brody clearly copied, word for word, the content of Plaintiffs website, attached as Exhibit "C", and attempted to make it his own simply by changing the entity name to Court Reporting Concierge.

55. Brody further breached the agreement by soliciting a client of Next Level and falsely accusing Salvato and Silenzio of ignoring the client in order to steal the client from Next Level for his own personal gain.

56. Brody's copycat website had been active for almost a year before Plaintiffs served him with a cease and desist letter requiring him to take down the site. Nevertheless, over the course of the year, Brody and Paul's website has done irreparable harm to Salvato and Silenzio's website, their profits, and their reputation. Thus, Brody's breach of contract has caused significant damages to Plaintiffs.

    **WHEREFORE**, Plaintiffs demand judgment against Defendant, Brody for:

    a. Equitable relief in the form of injunctive relief

b. Full restitution and/or disgorgement of all revenues, earning, profits, compensation, and benefits which may have been acquired by Brody as a result of such breach

c. Reasonable attorney's fees, interest, filing fees, and costs of suit; and

d. Any further relief which the Court may deem just and proper.

## FIFTH COUNT
## CONVERSION

57. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

58. For years, Salvato and Silenzio have produced a substantial profit resulting from Courtreportingagency.com.

59. Salvato and Silenzio each own a fifty (50) percent ownership interest in Courtreportingagency.com, and are each entitled to half of the proceeds that accumulate from the website.

60. Upon information and belief, Brody is intentionally, deliberately, and with full knowledge, attempting to misappropriate and convert Salvato and Silenzio's property, Courtreportingagency.com, for the Plaintiff's sole benefit and gain without any compensation or consideration to Salvato and Silenzio.

61. As mentioned above, Brody unlawfully exercised dominion and control over the content of Courtreportingagency.com, inconsistent with Salvato and Silenzio's exclusive rights over the websites content, and to the detriment of Salvato and Silenzio.

62. The aforementioned acts of Brody were, on information and belief, willful and malicious with the intent to cause harm to Salvato and Silenzio.

63. Upon information and belief, Salvato and Silenzio are unable to recover lost customers, thus lost profits, from the time that Brody and Paul's website, courtreportingconcierge.com, was active.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Brody and Paul, jointly and severally for:

a. Punitive damages;

b. Reasonable attorney's fees, filing fees, costs of suit; and

c. Any further relief which the Court may deem just and proper

## FIFTH COUNT
## CIVIL CONSPIRACY

64. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

65. Based upon the foregoing, Brody and Paul have caused Salvato and Silenzio irreparable harm and have maliciously and intentionally interfered with Salvato's contractual relations, damaging his business reputation relationships, to the sole benefit and gain of Brody and Paul, and to the detriment of Salvato and Silenzio.

66. As a result of the foregoing civil conspiracy, Salvato and Silenzio have incurred substantial damages, the extent of which have not yet been full ascertained.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Brody and Paul, jointly and severally for:

a. Punitive damages;

b. Reasonable attorney's fees, filing fees, costs of suit; and

c. Any further relief which the Court may deem just and proper.

## SIXTH COUNT
## DEFAMATION

67. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

68. At all times relevant to this lawsuit, Brody has known of all of Salvato's clients from both PCRV and Next Level.

69. Upon information and belief, after the Agreement was signed by both parties, Brody approached a Next Level client and falsely accused Salvato and Silenzio of neglecting to maintain and improve the advertising for the client's company. As a result, the client substantially reduced his relationship with Next Level and retained Brody immediately thereafter.

70. The false and defamatory statements made by Brody concerning Salvato's level of attention to a particular client were made maliciously and with intent to destroy Salvato's professional relationship with this client.

71. As a direct and proximate result of Brody's conduct, Salvato suffered the loss of a substantial amount of bus, thus Salvato also suffered a loss of income, in amounts to be determined at trial.

**WHEREFORE,** Plaintiffs request judgment against Defendant Brody for:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees, filing fees, costs of suits; and

d. Any further relief that the Court may deem just and proper.

## SEVENTH COUNT
## UNJUST ENRICHMENT

72. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

73. Brody and Paul have been unjustly enriched by, inter alia, using Salvato's intellectual property, client list, trade secrets, business documents, and other confidential, secret and proprietary information.

74. In light of the foregoing, Plaintiffs have incurred damages, the amount to be determined at trial.

> **WHEREFORE,** Plaintiffs demand judgment against Brody and Paul individually, jointly and severally for:
>
> a. Injunctive relief, enjoining Brody and Paul from directly and/or indirectly contacting Plaintiff's clients, misappropriating Plaintiff's trade secrets and infringing on Plaintiff's trade dress;
>
> b. Consequential damages;
>
> c. Incidental damages;
>
> d. Punitive damages;
>
> e. Reasonable attorney's fees, filing fees, costs of suit; and
>
> f. Any further relief which the Court may deem just and proper.

## EIGHTH COUNT
## MISAPPROPRIATION OF CONFIDENTIAL AND PROPRIETARY INFORMATION

75. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

76. By the acts alleged above, Brody improperly disclosed the confidential and proprietary information of Plaintiffs. Specifically, Brody improperly disclosed, and used for his own personal financial benefit without the consent or authorization of Plaintiffs, Plaintiffs trade secrets, client lists, marketing strategies, and the copyright content contained on Plaintiffs' website.

77. As a result of the foregoing wrongful conduct, Plaintiffs have been and will continue to be deprived of substantial sales in the amount currently unknown, but to be proven at trial. Plaintiffs have no adequate remedy at law for the continuing violation of Plaintiff's rights as set for above.

**WHEREFORE,** Plaintiffs demand judgment against Defendant Brody for:

a. Injunctive relief, enjoining Brody from directly and/or indirectly contacting Plaintiff's clients, misappropriating Plaintiff's trade secrets and infringing on Plaintiff's copyrights;

b. Consequential damages;

c. Incidental damages;

d. Punitive damages;

e. Reasonable attorney's fees, filing fees, costs of suit; and

f. Any further relief which the Court may deem just and proper.

## NINTH COUNT
## THEFT BY DECEPTION

78. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

79. Brody solicited a client Next Level in order to obtain his business with the intent to deceive and injure Salvato, and with the intent to economically benefit Brody.

15

80. Brody was purposefully, by fraud and deceit, attempting to obtain money from Plaintiffs by knowingly creating and/or reinforcing false impressions and allegations to Plaintiffs clients.

**WHEREFORE,** Plaintiffs demand judgment against Defendant Brody for:

a. Consequential damages;

b. Incidental damages;

c. Punitive damages;

d. Reasonable attorney's fees, filing fees, costs of suits; and

e. Any further relief which the Court may deem just and proper.

Dated: November 4, 2016

                (s/Andrew John Calcagno)
                ANDREW JOHN CALCAGNO
                CALCAGNO & ASSOCIATES
                Attorneys At Law
                213 south Avenue East
                Cranford, NJ 07016
                908-272-7300

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Andrew John Calcagno, is designated as trial counsel.

## DEMAND FOR STATEMENT OF DAMAGES

Plaintiffs hereby demand, pursuant to R.4:5-2 that within five (5) days of the date of service of the pleading, Defendants provide a written statement specifying both the amount and manner of calculation of all money damages sought for each count of Plaintiff's Complaint.

## CERTIFICATION PURSUANT TO R.4:5-1

ANDREW JOHN CALCAGNO, ESQ., of full age, certifies as follows:

1. I hereby certify that the within Complaint has been filed and served in the time and manner prescribed by the Rules of this Court, or as otherwise agreed by Counsel.

2. I hereby further certify that to the best of my knowledge, the facts and circumstances underlying the within controversy are not the subject of any other action, or contemplated action, pending in any Court or arbitration proceeding.

3. I hereby further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

                        CALCAGNO & ASSOCIATES
                        Attorneys At Law

                        BY: (s/Andrew John Calcagno)

Dated: November 4, 2016

## CERTIFICATION OF MAILING

      Duly sworn, the undersigned states that he is over the age of eighteen (18) and is not a party to the above captioned matter, and that he has made service of the Plaintiff's Complaint on the listed addressee attorney by first class mail.

Dated: Cranford, New Jersey
       November 4, 2016

**TO: Perrotta, Fraser & Forrester, LLC**
       **Donald B. Fraser, Jr.**
       **16 Valley Road**
       **Clark, New Jersey 0766**

_____
**NOTARY PUBLIC**